**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BOBBY W. BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-2118-JWL |
| ) | |
| FOOT LOCKER RETAIL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

In this action, plaintiff Bobby Barnes has brought a claim against defendant Foot Locker Retail, Inc. under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The matter comes before the Court on defendant's motion for summary judgment (Doc. #39). For the reasons set forth below, the motion is denied.

**I.   Facts**

The following material facts are uncontroverted for purposes of this motion or are set forth in the light most favorable to plaintiff, as supported in the parties' briefs.

Defendant employed plaintiff as store manager of a Champs store located in the Oak Park Mall in Overland Park, Kansas. Champs is a retailer of athletic footwear, apparel, and equipment, with a primary target market of males between 12 and 24 years old. During his tenure as store manager at Champs's Oak Park store, plaintiff also

served as the manager trainer for his district, responsible for training and evaluating other store managers. Plaintiff served as manager of the Oak Park store for approximately seven years. Prior to that stint, plaintiff had been employed by defendant as a store manager and manager trainer at various other Champs stores.

Plaintiff reported to district manager Joe Koutney for the period from October 2004 to June 2005, when Koutney was transferred and Kevin Zenor became plaintiff's district manager. From November 23, 2004 to September 9, 2005, Koutney and Zenor performed a total of eight evaluations of plaintiff's performance or the condition of the Oak Park store, and each evaluation included multiple substandard ratings. The evaluations were based on a mix of subjective and objective criteria. On September 13, 2005, based on the September 9 evaluation, Zenor gave plaintiff a written "Final Warning", which noted various performance issues and threatened future termination. Plaintiff was also removed as a manger trainer at that time. On September 27, 2005, Zenor again performed an evaluation in which plaintiff received substandard ratings. After discussing the matter and obtaining authority from his superiors, Zenor terminated plaintiff's employment.

At the time of the termination, plaintiff was 42 years old, and Zenor was 26 years old. A 23-year-old male replaced plaintiff as store manager for the Oak Park Champs store. Zenor did not replace plaintiff as manager trainer for the district with any other manager at that time.

Zenor had a meeting with plaintiff to discuss the Final Warning at the time it was

issued. Plaintiff testified that Zenor wanted plaintiff to consider managing a different store, and that Zenor stated that "they wanted someone younger and more aggressive" at the Oak Park store. Plaintiff also testified that on various occasions when plaintiff became tired during remodeling activities, Zenor referred to him as "old guy" and "old man". Plaintiff further testified that Koutney had told him that he should "stay on top of [his] game" because "[t]hey want somebody younger and more aggressive in that store." Finally, plaintiff testified that another district manager, Scott Vance, called plaintiff "old guy" and suggested that plaintiff take another position because "they want younger people in the stores now."

## II.   **Summary Judgment Standards**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *Id.*

The moving party bears the initial burden of demonstrating an absence of a

3

genuine issue of material fact and entitlement to judgment as a matter of law. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon his or her pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 910th Cir. 2005). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III. Analysis

Plaintiff alleges that defendant discriminated against him on the basis of his age when it terminated his employment, in violation of the ADEA. Plaintiff concedes the

4

absence in this case of direct evidence of age discrimination. Accordingly, the Court applies the familiar *McDonnell Douglas* burden-shifting framework to plaintiff's disparate treatment claim. *See, e.g.*, *Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1124 (10th Cir. 2005). The Tenth Circuit has described this framework as follows:

> Under *McDonnell*, the plaintiff must first establish a prima facie case of discrimination. The burden of production then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. Once this is done, the presumption of discrimination established by the prima facie showing simply drops out of the picture. The plaintiff then carries the full burden of persuasion to show that the defendant discriminated on the illegal basis of age or gender. The plaintiff may do so by showing that the proffered reason is pretextual.

*Id.* at 1124-25 (citations omitted).

### A. Prima Facie Case

The Tenth Circuit has provided that a discharged plaintiff must prove his prima facie case by establishing that he was "(1) within the age group protected by the ADEA when he was terminated, (2) performing his job satisfactorily, (3) discharged, and (4) replaced by a younger person." *Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005). Defendant argues here that plaintiff cannot establish the requisite prima facie case because he was not replaced by a younger person. In this regard, defendant notes that, although plaintiff was replaced as store manager by a 23-year-old, no one immediately succeed him as the district's manager trainer. Thus, defendant argues that plaintiff was not, in fact, replaced by anyone as a combination store manager/ manager trainer, and that plaintiff therefore cannot satisfy the final element of a prima

5

facie case.

The Court does not agree that defendant may avoid liability on the basis of such a distinction here. The Court notes that plaintiff's role as a manager trainer was terminated on September 13, 2005, two weeks before defendant terminated plaintiff's employment as store manager. It is only the latter adverse employment action on which plaintiff bases his claim. *See* Pretrial Order. Accordingly, because plaintiff was replaced as store manager by a much-younger person, he has established a prima facie case of age discrimination here.

In addition, the Tenth Circuit has stressed that the fourth element of the prima facie case under the *McDonnell Douglas* test is not to be rigidly applied. *See, e.g.*, *Plotke v. White*, 405 F.3d 1092, 1099-1101 (10th Cir. 2005). In *Plotke*, the Court's enunciation of the prima facie case included as the final element a required showing that the position was not eliminated after the employee's discharge. *Id.* at 1099. The court noted that "the articulation of a plaintiff's prima facie case may well vary, depending on the context of the claim and the nature of the adverse employment action alleged." *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 n.13 (1973)). The essential purpose of the prima facie case is to eliminate the most common nondiscriminatory reasons for discharge in a termination case, namely "lack of qualification" and "elimination of the job". *Id.*

Nevertheless, "the fourth element of a prima facie case is a flexible one that can be satisfied differently in varying scenarios." *Id.* In *Plotke*, the court held that because

6

the defendant had asserted that the plaintiff was discharged not because her position was eliminated, but because of unsatisfactory conduct, then the plaintiff was not doomed by her inability to show that her position was not eliminated. *See id.* In that respect, the court announced the following rule:

> Indeed, where an employer contends the actual reason for termination in a discriminatory firing case is not elimination of the employee's position but, rather, unsatisfactory conduct, the status of the employee's former position after his or her termination is irrelevant.

*Id.*

In this case, defendant has not offered any evidence that it made a decision to eliminate the manager trainer position in plaintiff's district; rather, defendant argues only that plaintiff was terminated (and lost his manager trainer position) because of his performance. Accordingly, even if the positions of store manager and manager trainer could not be separated in plaintiff's case, the fact that plaintiff was replaced only in his capacity as store manager is immaterial.

To satisfy his "de minimis" prima facie burden, *see id.* at 1101, plaintiff need only demonstrate that his termination occurred "under circumstances which give rise to an inference of discrimination." *Id.* (quoting *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1227 (10th Cir. 2003)). The replacement of plaintiff as store manager (after he had previously lost his trainer responsibilities) with a 23-year-old person satisfies

7

plaintiff's de minimis burden.[1]

  B.  Pretext

As stated above, once a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for the adverse employment action. In this case, defendant has provided evidence that it terminated plaintiff because of poor performance, and plaintiff concedes that defendant has met its burden under the *McDonnell Douglas* analysis. Accordingly, the burden shifts back to plaintiff to show that defendant's stated reason for his termination was pretextual, thereby raising an inference of discrimination.

Plaintiff cites the following facts in an attempt to show pretext: the age-related comments by Zenor and other district managers; the fact that Zenor gave another store manager two written warnings, while plaintiff received only one such warning (in addition to the written evaluations); the fact that other store managers fired by Zenor had been guilty of arguably more serious misconduct; the fact that, after plaintiff's termination, all other store managers in Zenor's district were under 30 years of age, with the exception of one 35-year-old manager; and the performance evaluations' reliance on subjective judgments and criteria.

The Court concludes that the age-related comment made by Zenor at the time of

---

[1]In addition, the circumstances that may give rise to the necessary inference include remarks by decisionmakers that could be viewed as reflecting a discriminatory animus. *Plotke*, 405 F.3d at 1101. Therefore, the comments discussed below that give rise to an inference of pretext could also satisfy plaintiff's prima facie case.

8

plaintiff's Final Warning is sufficient in itself to create an issue of material fact concerning whether defendant's stated reason for plaintiff's termination was pretextual. Accordingly, the Court does not address whether the other facts cited by plaintiff would be sufficient to establish the necessary pretext.

"Age-related comments referring directly to the worker may support an inference of age discrimination." *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994). Although isolated comments that are unrelated to the challenged action do not show discriminatory animus by themselves, the necessary causal nexus may be shown if the allegedly discriminatory comments were directed at the plaintiff. *See Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1457 (10th Cir. 1994) (citing *Cone*, 14 F.3d at 531-32).

Plaintiff has testified that Zenor, in the context of giving plaintiff his Final Warning that ultimately resulted in his termination, stated that "they wanted someone younger and more aggressive" at the Oak Park store. This statement of preference for a younger store manager at plaintiff's store, made directly to plaintiff within the context of the events that led directly to plaintiff's termination, bears the necessary nexus to the challenged employment decision. A reasonable jury could conclude from this statement that defendant's stated reason for terminating plaintiff was pretextual and that plaintiff's age was a motivating factor in his termination, and summary judgment is therefore

unwarranted.[2]

The other age-related comments by Zenor and two other district managers further support plaintiff's claim of pretext, as all of the comments were directed at plaintiff specifically. Koutney's and Vance's comments that younger store managers were desired—made specifically in relation to plaintiff's own performance or position—are particularly probative, especially in light of the fact that 12- to 24-year-old males make up Champs's target demographic.

Defendant notes the court's conclusion in *Cone* that age-related comments by non-decisionmakers were not material in that case, *see* 14 F.3d at 531, and argues that the statements by Koutney and Vance should therefore be disregarded. First, defendant itself provided evidence that Koutney told Zenor about plaintiff's performance issues when Zenor became the new district manager, and defendant has also offered Koutney's evaluations as evidence of plaintiff's poor performance justifying his termination. Accordingly, a jury could reasonably conclude that Koutney's opinion did play a role in

---

[2]Defendant has not provided any authority that supports its argument that a single age-related comment should not be enough by itself to establish pretext at the summary judgment stage. The cases cited by defendant do not so provide. In *Berry v. General Motors Corp.*, 838 F. Suupp. 1479 (D. Kan. 1993), *aff'd*, 56 F.3d 1233 (10th Cir. 1995), this Court merely concluded that, in the case before it, upon trial to the bench, a particular comment was not sufficient to persuade the Court that discrimination had occurred. *See id.* at 1499. In *Gagne v. Northwestern National Life Insurance Co.*, 881 F.2d 309 (6th Cir. 1989), the court merely concluded that a particular stray remark—a facetious, ambiguous remark not directed at the plaintiff—did not support a finding of discrimination there. *See id.* at 314. As in this case, in some circumstances, a single remark may raise the necessary inference of discrimination. Moreover, as set forth below, plaintiff has provided evidence of other relevant age-related comments.

10

plaintiff's termination.  *See Tomsic v. State Farm Mut. Auto. Ins. Co.*, 85 F.3d 1472, 1479 (10th Cir. 1996) (sufficient nexus between comment and termination shown where speaker's recommendation concerning the plaintiff was clearly before the actual decisionmaker).  Moreover, even if particular age-related comments do not establish the requisite pretext by themselves, they may support other evidence to raise an inference of discrimination.  *See Miller*, 296 F.3d at 1114.

Finally, defendant cites plaintiff's deposition testimony in which he used the words "you know, it's not even an age thing," as part of his answer to a question about the "true reason" for his termination.  Defendant appears to argue that this testimony undermines any allegation by plaintiff of pretext or discrimination.  The Court is unconvinced.  The entirety of plaintiff's testimony indicates that he does in fact believe that defendant discriminated against him on the basis of his age in terminating him. Plaintiff has provided evidence sufficient to raise a question of material fact regarding the issue of pretext, thereby precluding summary judgment in this case.

IT IS THEREFORE ORDERED THAT defendant's motion for summary judgment (Doc. #39) is denied.

IT IS SO ORDERED.

Dated this 9th day of March, 2007, in Kansas City, Kansas.

                                               s/ John W. Lungstrum  
                                               John W. Lungstrum  
                                               United States District Judge